**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AAKRITI CHAUDHRY** : | |
| 1632 Little Bear Loop : | **CIVIL ACTION NO.:** |
| Lewis Center, OH 43035 : | |
| : | **JUDGE:** |
| Plaintiff, : | |
| : | **MAGISTRATE JUDGE:** |
| vs. : | |
| : | |
| : | |
| **THE OHIO STATE UNIVERSITY** : | |
| 210 Bricker Hall : | |
| 190 North Oval Mall : | |
| Columbus, OH 43210-1358 : | |
| : | |
| and : | |
| : | |
| **OHIO DEPARTMENT OF** : | |
| **HIGHER EDUCATION** : | |
| 25 South Front Street : | |
| Columbus, OH, 43215 : | |
| : | |
| Defendant. : | |

## CIVIL COMPLAINT

Now comes Plaintiff, Aakriti Chaudhry, by and through her undersigned counsel, and for her Complaint against Defendants, hereby states as follows:

### NATURE OF THE ACTION

**1)** Plaintiff, by this action, challenges the policies and practices of The Ohio State University, Ohio Department of Higher Education that classify students that reside and have resided in the State of Ohio for years, and/or reclassify students that

reside or have resided in the State of Ohio for years and who were previously classified as "resident students", as "nonresident students" solely on the basis of their visa status. These policies invidiously discriminate against Plaintiff, in violation of the Ohio Revised Code, Ohio Administrative Code, the Ohio Constitution and the United States Constitution.

**2)** Some of Ohio's public colleges and universities classify applicants and students who are unable to demonstrate that they are entitled to or enjoy "immigrant" visas as "nonresidents" even though such persons physically resided in the State of Ohio for any number of years, had lawful residence pursuant to the United States Immigration and Nationality act of 1986 ("I&NA"), graduated from an Ohio high school, and was previously classified as a "resident" for college tuition purposes before the vicissitudes of the I&NA required the student to change residence status for purposes of the I&NA so as to be able to remain in the United States lawfully.

**3)** Upon information and belief, other Ohio public colleges do not engage in this practice.

**4)** Being classified as a "nonresident" has and will more than double the cost of tuition for Plaintiff to attend The OSU, which gives that college an invidious incentive to reclassify students as nonresidents in order to require such students to pay tuition at a far higher rate than they would if they were properly classified as residents, or remained properly classified as residents.

**5)** As a result, many talented students who received high school diplomas from Ohio high schools, lived in Ohio for many years, are otherwise qualified for in-state tuition, must either forego completing their college or graduate degrees or incur

extraordinary, ruinous and excessive costs, in money, time and mortgaged futures, in order to obtain the same education made available to other Ohio residents at a fraction of the cost.

**6)** The only difference between the Plaintiff and the students granted in-state tuition rates is her visa classification.

**7)** Defendants in refusing to grant Plaintiff an in-state residency status violate her fundamental rights. Plaintiff seeks declaratory, injunctive and equitable relief.

## THE PARTIES

### PLAINTIFF

**8)** Plaintiff, AAKRITI CHAUDHRY, is twenty-three (23) years old and is a citizen of India. She came to the United States and the State of Ohio in 2013, as a minor and dependent of a parent who obtained lawful residence status under an I&NA H-1 visa. Since 2013, Plaintiff has and continues to reside in Ohio.

Plaintiff graduated from Olentangy Orange High School in Delaware County, Ohio, was admitted to The OSU in 2015, and graduated therefrom in 2019, with a Bachelor of Science in Neurology.

For all four (4) years of her undergraduate education at The OSU, she was classified as a resident of Ohio for in-state tuition purposes. In 2018, Plaintiff turned twenty-one (21 years of age and was unable to maintain her H-4 visa status. Thereupon, she successfully converted her visa status of F-1.

**9)** Upon her graduation, Plaintiff applied for and was accepted, as a graduate student, in the College of Dentistry at The OSU.

**10)** The OSU notified Plaintiff that she cannot be classified as an in-state resident or tuition purposes solely on the basis that she holds an F-1 visa, interpreting that Plaintiff's change of visa status as "declaring to be in the United States and in Ohio for an educational purpose" and that rules exclude students as residents those who declare such intent. Defendant, Ohio Department of Higher Education "ODHE" concurs with The OSU's interpretation.

**11)** Plaintiff inquired and found that other Ohio state-supported institutions of higher education do not follow this interpretation. Based upon information and belief, every individual Ohio state-supported institution of higher education has the right to decide for itself whether to apply the same criterium to students in the same or similar position as Plaintiff.

### DEFENDANTS

**12)** Defendant Ohio Department of Higher Education, formerly Board of Regents, is responsible for establishing the policies and practices relied upon by The OSU in determining whether Plaintiff qualifies for Ohio resident tuition rates. ODHE implements and enforces the policies and practices relied upon by The OSU in denying Plaintiff classification as an in-state resident for tuition purposes. ODHE is responsible for advising and providing guidance to Ohio state-supported institutions of higher education, and enforcing said standards.

**13)** The OSU is an Ohio state-supported institution of higher education, at which Plaintiff attended under the classification of a resident and charged tuition

rates for Ohio residents, then reclassified and charged tuition rates for non-Ohio residents.

## JURISDICTION AND VENUE

14) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and laws of the United States, and also pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation, under color of state law, of Plaintiff's civil rights and to secure equitable or other relief for the violation of those rights.

15) This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57, Fed. R. Civ. Pro. Venue is proper under 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred in the Southern District of Ohio. Plaintiff resides in the Southern District of Ohio, is a graduate student at The OSU, and has been deemed by said Defendants not to be an Ohio resident for tuition purposes, pursuant to the advice and guidance of ODHE.

## LEGAL FRAMEWORK

16) Ohio Revised Code (O.R.C.) § 3333.31 provides for the classification of students as residents or non-residents for the purpose of calculating and assessing tuition in Ohio taxpayer-funded institutions of higher education, including Ohio colleges and universities.

Ohio Revised Code, Section 3333.31 provides, in relevant part that:

5

>     (A)  For state subsidy and tuition surcharge purposes, status as a resident of Ohio shall be defined by the chancellor of higher education by rule promulgated pursuant to Chapter 119. of the Revised Code. \*\*\*. Rather, **except as provided in divisions (B), (C), (D), and (F) of this section**, for such purposes, the rule promulgated under this section shall have the objective of excluding from treatment as residents those who are present in the state primarily for the purpose of attending a state-supported or state-assisted institution of higher education, and may prescribe presumptive rules, rebuttable or conclusive, as to such purpose based upon the source or sources of support of the student, residence prior to first enrollment, evidence of intention to remain in the state after completion of studies, or such other factors as the chancellor deems relevant.
>
>     (D)  The rules of the chancellor for determining student residence **shall not deny residency status** to a student who is either a dependent child of a parent or spouse or a person who, as of the first day of a term of enrollment in an institution of higher education, has accepted full-time employment and established domicile in this state for reasons other than gaining the benefit of favorable tuition rates.
>
>     (E)(1)  The rules of the chancellor for determining student residency **shall grant residency status to a person who, while a resident of this state for state subsidy and tuition surcharge purpose, graduated from high school** in this state \*\*\*.

(Emphases added).

17) According to ODHE, O.R.C. § 3333.31 shall have the objective of excluding from treatment as residents those who are present in the state primarily for the purpose of attending a state-supported or state-assisted institution of higher education." (ORC)

18) According to ODHE, Ohio Administrative Code ("OAC") requires that to be considered a resident under the "Forever Buckeye" program, the individual must (1) have graduated from a high school in this state or completed the final year of instruction at home as authorized under section 3321.04 of the Revised Code, (2)

6

enroll in an institution of higher education, and (3) establish "domicile in this state, regardless of the student's residence prior to that enrollment." (OAC 3333-1-10(C)(8), *see also* OAC 3333-1-10(a)(4) for definition of domicile). Further, O.A.C. 3333-1-10(D) states that an individual's immigration status will not preclude them "from obtaining resident status if that individual has the current legal status to remain permanently in the United States."

## TUITION DIFFERENTIAL

19) Tuition rates for students classified as non-Ohio residents are dramatically higher than for students classified as Ohio residents.

20) For Plaintiff, total for tuition and fees at The OSU for her graduate studies in the College of Dentistry, as a non-resident is four hundred twenty three thousand three hundred twenty three dollars ($423,323); whereas, she would pay the total sum of two hundred ten thousand six hundred thirty one dollars ($210,631) if she was classified as an in-state resident for tuition purposes.

## PLAINTIFF'S STATEMENT OF FACTS

21) Plaintiff hereby incorporates the foregoing statements and allegations contained in paragraphs 1-21 as if fully rewritten herein.

22) Defendants have adopted the interpretation and application of the applicable provisions of the I&NA, Ohio Revised Code and Ohio Administrative Code in order to reclassify Plaintiff as a non-Ohio resident, despite a) seven continuous

years of physical presence in the State of Ohio, b) being a dependent child of a parent, who on the first day of a term of enrollment, is a full-time employee in Ohio and domiciled in Ohio, c) being a Forever Buckeye, having graduation from an accredited Ohio high school, d) prior attendance at OSU while classified as an Ohio resident, and earning a Bachelor's Degree therefrom.

**23)** Upon aging out of her previous status as a dependent under her father's H-1 visa, Plaintiff opted to apply for and receive an F-1 visa. This is the only change in the way Plaintiff has lived her life in Ohio since she arrived in 2013.

**24)** Plaintiff's father, upon whom Plaintiff is a dependent, is and has been employed full-time in Ohio and is a lawful Ohio resident since 2011.

**25)** Defendants' rationale is that a holder of an F-1 visa is "'…an alien <u>having a residence in a foreign country</u> which she has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and <u>who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study…</u> '. (Immigration & Nationality Act Section 101(a)(15)(F), emphasis added). By nature of holding an F-1 visa, [Plaintiff] has declared a legal intent to temporarily be in the State of Ohio for the purposes of obtaining an education and will not be residing permanently in the United States. This applies regardless of her continued status as a dependent of a parent and/or guardian."

**26)** Defendants' interpretation of the I&NA is contrary to law, and application of O.R.C. § 3333.31 and O.A.C. § 3333-1-10(C)(8). The provision Defendants rely upon addresses the situation of a person "<u>who seeks to enter the United States</u>" and not a

person who is already in the United States and was required to claim F-1 status due to ineligibility under a previous I&NA classification.

27) Defendants' application of O.A.C. 3333-1-10(D) is further contrary to law due to the preemption of the I&NA in Plaintiff's case, and Defendants' prior classification of her status as a resident, and the preference given to residents of other states who claim Ohio resident status to complete their education at Ohio taxpayers' expense, then depart for other states upon graduation.

28) Plaintiff states that classification of her residency by Defendants pursuant to their theories violates her substantive due process rights and equal protection rights under the 5th and 14th Amendments to the United States Constitution.

29) Plaintiff further states that the I&NA preempts the applicable sections of the Ohio Revised and Administrative Codes relative to the use of visa reclassification due to the use of the present tense "seeks to enter the United States" in contrast to Plaintiff who had already established residence before obtaining a change in her status.

30) Plaintiff states that Defendants are prohibited from relying on the change of visa status as the determinative factor in reclassifying her as a non-resident for tuition calculation purposes.

31) As a result of Defendants' policy and practice, The OSU will charge Plaintiff for tuition and fees the sum of two hundred twelve thousand six hundred ninety two dollars ($212,692), more than they would if they had properly classified her as an Ohio resident.

## COUNT I

**32)** Plaintiff hereby incorporates the foregoing statements and allegations contained in paragraphs 1-30 as if fully rewritten herein.

**33)** Amendment XIV to the United States Constitution states, "No person shall * * * deny to any person within its jurisdiction the equal protection of the laws."

**34)** Defendants' policies and practices of classifying and reclassifying Plaintiff, who graduated from an Ohio high school, who was and continues to be dependent on a parent who is employed full-time in Ohio and domiciled in Ohio, and who was formerly classified as a resident for in-state tuition purposes, is now reclassified as a non-residence, solely based upon her change in I&NA status due to ineligibility to retain dependent status under her father's status, denies Plaintiff equal protection of the laws in violation of Amendment XIV to the United States Constitution.

**35)** Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 to redress the deprivation of her constitutional rights under color of state law.

## COUNT II

**36)** Plaintiff hereby incorporates the foregoing statements and allegations contained in paragraphs 1-35 as if fully rewritten herein.

**37)** The Supremacy Clause, Article VI, § 2 of the United States Constitution, states that federal law is "the supreme law of the land." More fully, said clause states, "This Constitution, and the laws of the United States which shall be made in

pursuance thereof, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

**38)** Defendants' unequal policies and practices of classifying Plaintiff, a dependent of lawful Ohio resident, who was previously treated as an Ohio resident, solely based upon her change in I&NA status due to ineligibility to retain dependent status under their parents' status violates the Supremacy Clause by arrogating the power to determine residence based upon a change in classification under federal law, thereby usurping powers exclusively vested in the United States government.

**39)** Defendants' policies and practices also violate the Supremacy Clause by imposing burdens on Plaintiff are contrary to federal law, as they seek to regulate the field of immigration and citizenship.

**40)** Plaintiff seeks relief under the United States Constitution, and as an action pursuant to 42 U.S.C. § 1983, to redress the deprivation of her rights secured by the United States Constitution under color of state law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

**A.** For this Court to assume jurisdiction over this matter;

**B.** Declare that the challenged policies and practices of classifying Plaintiff, who graduated from an Ohio high school and is a dependent on her father, who is domiciled in Ohio and employed full-time in Ohio, who was previously treated

as an Ohio resident, now, solely based upon their change in I&NA status due to ineligibility to retain dependent status under their parents' status for tuition purposes, violates the United States Constitution;

C. Enjoin Defendants from classifying Plaintiff as a non-resident solely based upon her change in I&NA status due to ineligibility to retain dependent status under her parent's visa;

D. Grant Plaintiff her reasonable costs of suit, including reasonable attorneys' fees and other expenses pursuant to 42 U.S.C. § 1988, and

E. Any other relief this Court finds to be just and equitable in the premises.

**Respectfully submitted,**

**/s/ Sanjay K. Bhatt**
_____
Sanjay K. Bhatt (0063913)
2935 Kenny Road, Suite 225
Columbus, OH 43221
Tel.: (614) 222-4900 / Fax: 222-4901
bhattlawoffice@gmail.com

*Counsel for Plaintiff,*
*Aakriti Chaudhry*