UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Aakriti Chaudhry,

    Plaintiff,

v.

The Ohio State University, *et al.*,

    Defendants.

Case No. 2:20-cv-5070

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Defendants The Ohio State University ("OSU") and Ohio Department of Higher Education ("ODHE," collectively "Defendants") move to dismiss Aakriti Chaudhry's ("Plaintiff") Complaint. ECF No. 12. For the following reasons, Defendants' motion to dismiss is **GRANTED**.

### I. FACTS[1]

Plaintiff is a twenty-three-year-old citizen of India. Compl. ¶ 8, ECF No. 1. She came to the United States as a minor in 2013. *Id.* Plaintiff began undergraduate studies at OSU in 2015 on an H-4 visa. *Id.* Throughout her undergraduate program, Plaintiff was classified as an in-state resident for tuition purposes. *Id.* When she turned twenty-one, Plaintiff applied for and was granted an F-1 visa. *Id.* Plaintiff was subsequently accepted into OSU's College of

---

[1] The Court accepts Plaintiff's factual allegations as true for purposes of Defendants' motion to dismiss.

Dentistry. *Id.* ¶ 9. OSU then told Plaintiff that she could not be classified as an in-state resident for tuition purposes on the basis of her F-1 visa. *Id.* ¶ 10. ODHE concurred with OSU's decision. *Id.*

Based on this decision to deny her in-state tuition, Plaintiff asserts an Equal Protection claim under the Fourteenth Amendment and a claim under the Supremacy Clause. *Id.* ¶¶ 32–40. She also alleges that Defendants violated her substantive due process rights. *Id.* ¶ 28. She seeks declaratory and injunctive relief. *Id.* ¶¶ A.–E.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). While the court must "construe the complaint in the light most favorable to the plaintiff," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), the plaintiff must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendants assert several arguments in their motion to dismiss, including that they are immune from suit under the Eleventh Amendment. Because this argument is dispositive, the Court need not consider Defendants' other arguments.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State." U.S. Const. Amend. XI. "It has long been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of 'another State,' but also to suits brought by a citizen against the State in which he or she resides." *Lee Testing & Engineering, Inc. v. Ohio Dept. of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Thus, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). When suits are filed against state agencies, they "should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

Here, it is undisputed that Defendants are divisions of the State of Ohio. *See Galli v. Morelli*, 277 F. Supp. 2d 844, 856, n. 13 (S.D. Ohio 2003) ("[T]his Court has repeatedly concluded that OSU is an 'arm or alter ego' of the State of Ohio, and thus protected by the Eleventh Amendment."); *cf. Moss v. Columbus Bd. of Educ.*, No. 2:00-CV-855, 2001 WL 1681117, at *8 (S.D. Ohio Sept. 27, 2001) (finding that § 1983 claims against the Ohio Department of Education are barred by Eleventh Amendment immunity). Consequently, they are immune from suit under the Eleventh Amendment.

Plaintiff's counterargument fails to persuade. Plaintiff argues that Eleventh Amendment immunity does not apply because she is not seeking monetary relief. It seems that Plaintiff is trying to invoke the *Ex Parte Young* exception, under which "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507–08 (6th Cir.2008) (quotation marks and internal citations omitted). However, the *Ex Parte Young* exception applies only to suits against state officials, not state agencies. *Id.*; *see also Sims v. Univ. of Cincinnati*, 46 F. Supp. 2d 736, 737 (S.D. Ohio 1999), *aff'd*, 219 F.3d 559 (6th Cir. 2000) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996)) ("The type of relief sought is irrelevant to the issue of whether a suit against the state or a state agency is barred by the Eleventh Amendment."). Accordingly, Plaintiff cannot rely on the *Ex Parte Young* doctrine to save her claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 12, is **GRANTED.**  This case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED.**

*Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**